**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DANNY J. WERTZ, | : | |
| Plaintiff | : | No. 1:14-cv-01991 |
| | : | |
| v. | : | |
| | : | (Judge Kane) |
| GEA HEAT EXCHANGERS | : | |
| INC., <u>et</u> <u>al.</u>, | : | |
| Defendants | : | |

<u>MEMORANDUM</u>

Before the Court are two motions to partially dismiss Plaintiff's complaint.  (Doc. Nos.

13, 24.)  The motions seek dismissal of Plaintiff's claims under the Pennsylvania Human

Relations Act (PHRA).  For the reasons that follow, the Court will deny Defendants' motions.

**I.    BACKGROUND**[1]

This case concerns an employment dispute between Plaintiff Danny Wertz and his former

employer, Defendant GEA Heat Exchangers, Inc.  (<u>See</u> Doc. No. 1.)  Plaintiff alleges that the

Defendant company and its individual agents discriminated against him based on his disability,

interfered with his rights under the Family Medical Leave Act, and unlawfully retaliated against

him.  (<u>Id.</u> at 19-24.)  Plaintiff initiated the above-captioned action on October 14, 2014, raising,

<u>inter</u> <u>alia</u>, four claims under the PHRA against both the Defendant employer and the Defendant

employees.  (Doc. No. 1.)  The present motions, however, are not addressed to the merits of

Plaintiff's claims, but instead to the timeliness of his complaint filed with the Pennsylvania

---

[1] The following background is taken directly from the allegations from Plaintiff's
complaint (Doc. No. 1), accepted as true for the limited purposes of these motions to dismiss.

1

Human Relations Commission (PHRC).[2]  (Doc. No. 14 at 1.)

Defendant terminated Plaintiff's employment on December 14, 2012, and the parties agree that Plaintiff's administrative time period for filing complaints with the federal Equal Opportunity Employment Commission (EEOC) and PHRC commenced on that date.  (Doc. Nos. 1 ¶ 148; 14 at 6; 24 ¶ 4.)  Plaintiff filed a formal charge with the EEOC on June 6, 2013.[3]  (Id. ¶ 37.)  The parties have not argued that Plaintiff's charge was untimely as it relates to his federal claims, rather the present motions concern whether his filing was timely for the purposes of his claims arising under state law.  All parties agree that to be timely, a charge must be filed with the PHRC within 180 days of the last incident of discrimination or the employee's termination.  (Doc. Nos. 14 at 5; 17 at 3.)  However, the parties dispute whether or not Plaintiff's formal charge was deemed filed with the PHRC on the same date that he filed it the EEOC, or if the effective date of Plaintiff's filing with the PHRC occurred when the EEOC actually transmitted Plaintiff's complaint to the PHRC.  (Doc. Nos. 14 at 5-6; 17 at 6.)

## II.    LEGAL STANDARD

Federal notice and pleading rules require the complaint to provide the defendant notice of the claim and the grounds upon which it rests.  Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008).  The plaintiff must present facts that, accepted as true, demonstrate a plausible right to relief.  Fed. R. Civ. P. 8(a).  Although Federal Rule of Civil Procedure 8(a)(2)

---

[2] There are two motions to dismiss before the Court.  (Doc. Nos. 13, 14.)  Both motions seek dismissal of the PHRA claims on timeliness grounds, and the second serves only to bring the same claim on behalf of the only defendant not present in the first motion.  (Doc. Nos. 13, 24.)

[3] For the purposes of this motion, the Court accepts Plaintiff's statement, supported by an attached copy, that his charge was received by the EEOC on June 6, 2013.  (See Doc. No. 17-1.)

requires "only a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) for its "failure to state a claim upon which relief can be granted." See Fed. R. Civ. P. 12(b)(6).

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). The Court's inquiry is guided by the standards of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Under Twombly and Iqbal, pleading requirements have shifted to a "more heightened form of pleading." See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible. Id. Accordingly, to determine the sufficiency of a complaint under Twombly and Iqbal, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement for relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

III.   **DISCUSSION**

Defendants have moved to dismiss because, in their view, Plaintiff cannot rely on his

filing date with the EEOC as the effective date for filing relative to the PHRC.  Defendants assert that Plaintiff's filing, while timely vis-a-vis the EEOC, did not reach the PHRC within the 180 days allotted to him by statute, and his PHRA claims are therefore time barred.

Plaintiff has attached his initial filing with the federal EEOC, receipt stamped on June 6, 2013, a letter from the PHRC dated September 8, 2013, as well as portions of the "Worksharing Agreement" to which the EEOC and PHRC are parties.  (Doc. Nos. 17-1, 17-3.)  The agreement includes provisions whereby the EEOC and PHRC designate each other as agents for the receipt of charges and complaints, and explains that each agency "deem[s] charges that are dual filed" to be received "as of the date initially received by the originating agency."  (Doc. No. 17-3 at 4.) The initial charge indicates that Plaintiff intended to dual file his charge with both the EEOC and the PHRC when he filed initially with the EEOC, and correspondence from the PHRC to Plaintiff explains that the "PHRC considers the complaint filed with the PHRC on the date the complaint is received by the EEOC."  (Doc. Nos. 17-1, 17-2.)

However, Defendants have presented a "Charge of Discrimination" form from the PHRC that shows that the PHRC did not actually receive Plaintiff's complaint until days or weeks after he filed with the EEOC.  (Doc. No. 14-1.)  The form is stamped as being received on June 24, 2013, or "at the earliest, 12 days past the [180-day] PHRA filing deadline."  (Id.; Doc. No. 14 at 7.)  According to Defendants, regardless of the date that Plaintiff submitted his charge with the EEOC, "a claimant may not rely on the work-share agreement between the PHRC and the EEOC to satisfy all of the requirements of the PHRA."  (Doc. No. 14 at 5) (quoting Seeger, et al., v. C&S Wholesale Grocers, Inc., No. 13-cv-0048, 2013 WL 3208590, at *12 (M.D. Pa. June 24, 2013)).

The parties agree (1) that Plaintiff was required to exhaust his administrative remedies on his PHRA claims by filing his claim with the PHRC; (2) that Plaintiff had 180 days from December 14, 2012, to file his claim with the PHRC; and (3) that the EEOC and the PHRC are parties to a worksharing agreement.  (Doc. Nos. 14 at 4-7; 17 at 4-6.)  The disputed question is one of law: is a charge dually filed with the EEOC effective under the PHRA on the day it is filed with the EEOC, or on the day it is actually transmitted from the EEOC to the PHRC.

This question has been somewhat obscured by broad and perhaps conflicting language from the Pennsylvania federal district court decisions relied upon by the parties.  Compare Colbert v. Mercy Behavioral Health, 845 F. Supp. 2d 633, 639 (W.D. Pa. 2012) ("Under Pennsylvania law, a complaint is deemed filed with the PHRC on the date it is received by the PHRC, regardless of whether the complaint was forwarded to the PHRC by the EEOC or filed by the claimant directly with the PHRC."), with Seybert v. Int'l Grp., Inc., No. 2007-3333, 2009 WL 722291, at *17 (E.D. Pa. Mar. 17, 2009) ("The most reasoned conclusion here is that filing a charge of discrimination with the EEOC within the 180 mandatory filing period, together with a request that the EEOC dual-file it with the PHRC, is sufficient to preserve claims under the PHRA.").  The Seybert court, before concluding that dual filing was effective as to both the EEOC and PHRC on the date the charge was first filed with the EEOC, undertook a review of Pennsylvania state and federal court jurisprudence on the issue, observing the apparently inconsistent dispositions by courts of this question.  Seybert, No. 2007-3333, 2009 WL 722291, at **14-17 (E.D. Pa. March 18, 2009).

The United States Court of Appeals for the Third Circuit has never directly addressed the issue before the Court, although it has grazed this issue at least twice, first in Woodson v. Scott

5

Paper Co., 109 F.3d 913, 924-929 (3d Cir. 1997), and again in <u>Mandel v. M & Q Packaging Corp.</u>, 706 F.3d 157, 164-165 (3d Cir. 2013). <u>Woodson</u> concerned a race discrimination and retaliation case wherein the plaintiff filed a timely charge of discrimination with the EEOC, but never filed a complaint with the PHRC or requested that the EEOC dual file his charge. 109 F.3d at 925. The <u>Woodson</u> plaintiff even acknowledged on his EEOC charge filing that he was aware of the availability of dual filing, but declined to avail himself of the option. <u>Id.</u> Nevertheless, the <u>Woodson</u> plaintiff later sought to proceed with claims under the PHRA in his federal lawsuit, arguing that the worksharing agreement required the court to "deem" his charge filed with the PHRC regardless of whether or not he evinced an intent to file with the state agency or whether the PHRC actually received or considered his filing. <u>Id.</u> at 924-925. The <u>Woodson</u> court rejected the plaintiff's argument, finding that while the worksharing agreement streamlined workflow and solved jurisdictional problems between the agencies, that "does not mean that a plaintiff can initiate PHRC proceedings as required by the <u>PHRA</u> merely by filing with the EEOC."[4] <u>Id.</u> at 926. The <u>Woodson</u> panel continued: "Thus, evidence of the worksharing agreement alone cannot serve to show that Woodson invoked the Pennsylvania state administrative remedy as by the PHRA . . . . As a general matter, therefore, if the PHRC does not receive a complainant's claim, then that complainant cannot bring suit under the PHRA." <u>Id.</u> at

---

[4] District courts have quoted this language to support the conclusion that a plaintiff's complaint is only effective as to the PHRC when it is actually received by the PHRC. <u>E.g.</u>, <u>Zahavi v. PNC Fin. Servs. Grp., Inc.</u>, No. 2007-0376, 2007 WL 3053090, at *4 (W.D. Pa. Oct. 18, 2007). However, this Court and others read the <u>Woodson</u> language to exclude from the panel's definition of "merely filing with the EEOC" any filing made with the EEOC <u>together with a signed request to dual file with the PHRC</u>. <u>See</u> <u>Mandel v. M & Q Packaging Corp.</u>, 706 F.3d 157, 164-165 (3d Cir. 2013) (noting that the lower court, which quoted <u>Woodson</u>, "correctly concluded" that the date when the plaintiff requested dual filing controlled the timeliness of that plaintiff's PHRA claims).

927.  The Third Circuit's <u>Woodson</u> holding only partly addresses the question at hand, because

the PHRC had not considered the <u>Woodson</u> plaintiff's claims <u>at all</u>; in the case at bar, it is

uncontroverted that the PHRC eventually received Plaintiff's charge and responded to it.  (Doc.

No. 18-1.)  In addition, the <u>Woodson</u> plaintiff never expressed an intent to avail himself of the

dual filing mechanism, while Plaintiff Wertz clearly expressed such an intent in this case.

      The Third Circuit briefly revisited this question in <u>Mandel</u>, a sex discrimination case.

706 F.3d 157 (2013).  In that case, the plaintiff filed an initial questionnaire with the EEOC <u>pro</u>

<u>se</u> within the 180-day period on September 13, 2007, but she only filed her counseled formal

charge, together with a manifestation of intent to dual file her charge with the PHRC, on

December 14, 2007, after her 180-day period had expired.   <u>Id.</u> at 162; <u>see also</u> <u>Mandel v. M & Q</u>

<u>Packaging Corp.</u>, No. 3:09-cv-0042 (Doc. No. 9-2).  The district court in <u>Mandel</u> "found all

PHRA claims time barred, reasoning that more than 180 days had passed from Mandel's

resignation on May 23, 2007, to her cross-filing of a complaint with the PHRC on December 14,

2007."  <u>Mandel</u>, 706 F.3d at 164.  The district court "correctly concluded" that the <u>Mandel</u>

plaintiff's filing was effective under the PHRA once she had filed a formal charge with the

EEOC together with a signed manifestation of an intent to dual file with the PHRC.  <u>Id.</u> at 164-

165.  As a result, the <u>Mandel</u> plaintiff's PHRA claims were barred, but only because she filed her

completed charge with the EEOC, including the signed form evincing an intent to dual file, after

her 180-day period had ended.  <u>Id.</u>  In that way, the <u>Mandel</u> plaintiff is different than Plaintiff

Wertz, because his complete filing with the EEOC, including his dual filing notice, were made

within 180 days of the alleged discriminatory conduct.

      In the present case, Plaintiff's formal filing with the EEOC on June 6, 2013, concurrent

with his dual filing notice, was also effective as to the PHRC.  The language of the worksharing agreement indicates that this is the obvious intention of the PHRC and also sets out the statutory authorization for the PHRC to make agency delegations.  (Doc. No. 17-3 at 3-5) ("The EEOC and the [PHRC] . . . deem charges that are dual filed with the other Agency as being filed with the non-originating agency as of the date initially received by the originating agency . . . . The Pennsylvania Human Relations Commission has express statutory authority found in Section 7(c) of the Pennsylvania Human Relations Act to appoint agents and prescribe their duties. 43 P.S. §957(c)."); see also Woodson, 109 F.3d at 926-927 ("Whether a plaintiff has initiated PHRC proceedings under the PHRA is a state law issue.").  The Woodson court was concerned with the wholesale circumvention of state proceedings as a result of the worksharing agreement, but the PHRC received and responded to Plaintiff's complaint in the present case, so there is no danger of such circumvention.

Defendants argue that even though Plaintiff submitted his EEOC charge on June 6, 2013, "there is no evidence or allegation that the Complaint was [transmitted] to the PHRC prior to the June 12, 2013 deadline."  (Doc. No. 18 at 4) (emphasis omitted).  In effect, Defendants argue that the EEOC had a six-day window within which it could have preserved Plaintiff's PHRA claims by transmitting his charge to the PHRC.  This position would hinge the timeliness of any dual filing complainant's PHRA claims on the whim or diligence of the EEOC, or else require a Plaintiff to file independent charges with the PHRC in every case, undermining either way the two-agency regime established by federal regulation and endorsed by state law.  See 29 C.F.R. §§ 1601.70-1601.80; 43 P.S. §957(c); (Doc. No. 17-3).  Defendants point to no binding authority establishing that a timely dual-filed formal charge with the EEOC is ineffective as to the PHRC,

and the Court is satisfied that Third Circuit jurisprudence counsels a finding that Plaintiff's filing was effective as to both the state and federal agency on June 6, 2013.  See Mandel, 706 F.3d at 164-165.  Accordingly, the Court will deny Defendants' motions to partially dismiss Plaintiff's complaint.

**IV.     CONCLUSION**

For the foregoing reasons, the Court will deny Defendants' motions to dismiss Plaintiff's complaint.  An order consistent with this memorandum follows.