# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Danny J. Wertz,<br><br>               Plaintiff<br><br>   v.<br><br>GEA Heat Exchangers Inc., et al.,<br><br>               Defendants | CIVIL ACTION NO. 1:14-CV-1991<br><br>(KANE, J.)<br>(MEHALCHICK, M.J.) |

## **MEMORANDUM**

### I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, Danny J. Wertz, brings this case arising out of the termination of his employment with Defendant, GEA Heat Exchangers, Inc. Specifically, Plaintiff alleges that he was terminated in violation of the Family and Medical Leave Act, Americans with Disabilities Act, and the Pennsylvania Human Relations Act. Defendants maintain that they did not discriminate or retaliate against Plaintiff. This matter is before the undersigned for resolution of a discovery dispute between the parties. Plaintiff seeks to take eleven depositions, one deposition in excess of the ten permitted in the Case Management Order (Doc. 33), including the depositions of Sandra Shirey ("Shirey") and Dave Stauch ("Stauch"). Defendants oppose any deposition in excess of ten, and further oppose the depositions of Shirey and Stauch on the basis that the depositions are disproportionate to the needs of the case. Both parties have submitted letters to the Court outlining their respective positions on these issues (Doc. 39 and Doc. 43), and a teleconference was conducted to hear argument by the parties on December 11, 2015.

## II. DISCUSSION

### A. STANDARD OF REVIEW

The general scope of discovery is outlined by Federal Rule of Civil Procedure 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Issues relating to the scope of discovery permitted under Rule 26 rest in the sound discretion of the court. *Wisniewski v. Johns–Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987). Thus, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion. *Marroquin–Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983).

Rule 26 establishes a liberal discovery policy. *Clemens v. N.Y. Cent. Mut. Fire Ins. Co.*, 300 F.R.D. 225, 226-27 (M.D. Pa. 2014); *Great West Life Assurance Co. v. Levithan*, 152 F.R.D. 494, 497 (E.D. Pa. 1994). Discovery is generally permitted of any items that are relevant or may lead to the discovery of relevant information. *Hicks v. Big Brothers/Big Sisters of Am.*, 168 F.R.D. 528, 529 (E.D. Pa. 1996); *Stabilus v. Haynsworth, Baldwin, Johnson, & Greaves, P.A.*, 144 F.R.D. 258, 265–66 (E.D. Pa. 1992) (when there is no doubt about relevance a court should tend toward permitting discovery). Moreover, discovery need not be confined to items of admissible evidence but may encompass that which appears reasonably calculated to lead to the discovery of admissible evidence. *Callahan v. A.E.V., Inc.*, 947 F. Supp. 175, 177 (W.D. Pa. 1996); *Momah v. Albert Einstein Medical Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996). Although "the scope of

relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits." *Stabilus*, 144 F.R.D. at 265. The Court will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or relating to confidential or privileged information. *S.S. Fretz, Jr., Inc. v. White Consol. Indus., Inc.*, No. 90–1731, 1991 WL 21655, at *2 (E.D. Pa. Feb. 15, 1991).

These factors are retained in revised Fed. R. Civ. P. 26(b)(1),[1] reflecting "their original place in defining the scope of discovery." Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment. The revised Rule 26(b)(1) factors are as follows: the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The present amendment restores the proportionality factors to their original place in defining the scope of discovery, but does not change any of the existing responsibilities of the court or the parties in considering proportionality:

> This change reinforces the obligation of the parties to consider these factors in making discovery requests, responses or objections. Restoring the proportionality calculation to Rule 26(b)(1) does not change the existing responsibilities of the court and the parties to consider proportionality, and the change does not place on the party seeking discovery the burden of addressing all proportionality considerations. Nor is the change intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional. The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes.

Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment.

---

[1] The 2015 amendments to the Federal Rules of Civil Procedure took effect on December 1, 2015. By order of the United States Supreme Court, the revised rules "shall govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings then pending." Letter of Transmittal to Congress, April 29, 2015.

B. E<span>XCESS</span> D<span>EPOSITIONS</span>

Plaintiff seeks to exceed the ten deposition limit imposed by the Federal Rules of Civil Procedure. Specifically, Plaintiff seeks to take one additional deposition over the ten permitted by the Rules and the Case Management Order in place. Rule 30(a)(2)(A) of the Federal Rules of Civil Procedure states that "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2): (A) if the parties have not stipulated to the deposition and:(i) the deposition would result in more than 10 depositions being taken under this rule …." Fed. R. Civ. P. 30(a)(2)(A). When determining whether leave to conduct additional depositions is warranted, the Court must consider the factors outlined in Rule 26(b)(2), which provides:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or(iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii); *see also* Notes of Advisory Committee on 1993 Amendments ("Leave to take additional depositions should be granted when consistent with the principles of Rules 26(b)(2), and in some cases the ten-per-side limit should be reduced in accordance with those same principles."). "In other words, a party seeking more than ten depositions must overcome this presumptive limit by demonstrating that the additional depositions are reasonable and necessary." *Alaska Elec. Pension Fund v. Pharmacia Corp.*, No. CIV.A. 03-1519 (AET), 2006 WL 6487632, at *3 (D.N.J. Aug. 22, 2006) (citing Fed. R. Civ. P. 26(b)).

The Court finds that Plaintiff has made a particularized showing as to why one additional deposition is reasonable and necessary, thus satisfying the standard promulgated in Federal Rules 30(a)(2)(A) and (26)(b)(2). While averring that a case is "complex" alone is insufficient to justify deviation from the presumptive number of depositions, the Court is persuaded by Plaintiff's proffered rationale that the nature of this case requires the one additional deposition. The Court is further persuaded by Plaintiff's argument that the information sought through the proposed deposition of Tim Ambrose is information only in the possession of Defendants, as he is a current employee of Defendant. Additionally, Plaintiff submits that this deposition will likely be a few hours in length. Plaintiff has identified with specificity for the Court the relevance of Ambrose's likely testimony. *Compare with Whittingham v. Amherst Coll.*, 163 F.R.D. 170, 171 (D. Mass. 1995) (denying plaintiff's motion for leave to exceed the deposition limit on the basis that plaintiff's "failure to indicate the number and/or names of the additional depositions sought ma[de] it difficult for the [c]ourt to measure the appropriateness of [p]laintiff's motion"). Accordingly, counsel for Plaintiff has demonstrated that the discovery sought is not unreasonably cumulative or duplicative, or that the information sought could be obtained from a more convenient source. *See Alaska Elec. Pension Fund*, 2006 WL 6487632, at *5 (finding that while plaintiff's description of the likely testimony qualified as adequately "particularized," plaintiff failed to show how each deposition would be necessary to their case). Plaintiff has not had an ample opportunity to obtain the information he seeks without the additional deposition, and in fact, has proactively sought leave from the Court early in the discovery phase. Moreover, the cost would not likely outweigh the likely benefit of the additional deposition, as counsel for Plaintiff represented to the Court that they expect the deposition to be limited to two hours (Doc. 39). As Plaintiff has justified the departure from the presumptive limit, this Court will permit Plaintiff to conduct the additional deposition.

C. DEPOSITIONS OF SHIREY AND STAUCH

Plaintiff seeks to take the depositions of Sandra Shirey and Dave Stauch. Defendants object to the same. Plaintiff submits that the deposition of Shirey is relevant to impeach Defendant Brubaker's testimony, and because she worked on Plaintiff's FMLA requests, attendance tracking, and re-certification under Defendant Brubaker's supervision (Doc. 39). Plaintiff submits that the deposition of Stauch is relevant to whether Defendant Lutz and Lee were aware of Plaintiff's reading disability. (Doc. 39). Defendants object to these depositions as speculative. (Doc. 43). Defendants further submit that these depositions are disproportionate to the needs of the case, and that the burden and the expense of the depositions outweighs any relevance they may have.

As stated in the advisory committee's note to the 2015 amendment to the rules, it is the court's responsibility, using the information provided by the parties, to consider both the ways in which the information sought bears on the issues and the burden or expense required to provide the information. Having considered the factors related to proportionality, and specifically, the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit, the Court finds that Plaintiff should be permitted to depose Sandra Shirey and Dave Stauch. The Court finds that these depositions should not be unduly burdensome to Defendant, and that the information sought through the testimony is important to the issues at stake in the case.

**III.   CONCLUSION**

In conclusion, based on the foregoing, and having considered the parties' arguments, and the factors in Rule 26, the Court finds that Plaintiff shall be permitted to take the deposition

of Tim Ambrose, one deposition in excess of the ten permitted in the current case management order, and further, shall be permitted to take the depositions of Sandra Shirey and Dave Stauch.

An appropriate Order follows.

**Dated: December 16, 2015**                                                                 *s/ Karoline Mehalchick*
                                                                                                                                 **KAROLINE MEHALCHICK**
                                                                                                                                 **United States Magistrate Judge**